Day, Chief Judge.
The controversy relates to three Henson the same land — a senior and a junior mortgage, with an intervening judgment Hen. All being valid incumbrances, the holders of the senior mortgage brought suit to foreclose-their mortgage, and, without making the subsequent incumbrancers parties to the suit, purchased the land at the-sale ordered in (heir suit, at a price something above-the amount secured by their mortgage, and went into possession of the land. Against these parties and the-mortgagor the subsequent incumbrancers brought their action to have an account, and to have the land re-sold to pay off the incumbrances, according to the priorities of their respective Hens. Whether they have the right to have this done, where, as in this case, all the claims are past due, is-the question to be determined.
On the one hand, it is claimed that the only right the-plaintiffs have is that of redemption, and not of a re-sale. On the other hand, it is claimed that the sale of the premises, in the suit to which the plaintiffs were not parties,, does not affect their rights, and that they may bring the-land to sale to satisfy all the Hens thereon, without first paying off the Hen prior to theirs.
Much said in the books upon the controverted question as to the necessity, in the foreclosure of a mortgage, of making all other incumbrancers parties, is not strictly applicable to our practice ; for here, in all cases of foreclosure-of a mortgage, there must be a sale of the mortgaged premises. The 374th section of the code of civil procedure is-as follows: “ In the foreclosure of a mortgage, the sale of the mortgaged premises shall in all cases be ordered; . . .. and the court may, in the order of sale, or on the confirma- *30 tion of the sale, make such order touching the distribution of the proceeds of sale as may be necessary to protect and preserve the relative rights and privileges of all lienholders on such premises or on the several parcels thereof.”
The policj' of the code, as evinced by this and numerous other provisions, is to avoid the necessity of a multiplicity of suits, and to preserve and enforce the rights of parties with the least possible controversy and litigation. Hence the provision, in regard to the foreclosure of mortgages, is made upon the supposition that, in accordance with other provisions of the code, all-parties having an interest in the land will be parties to the action.
Since, then, the land must be sold, and all having an interest in the laud must.be made parties, it makes no substantial difference, where all the claims are due, which one ■of several mortgagees brings the action for that purpose; and since'there can be no foreclosure except by sale, thbre is no good reason for requiring the prior mortgage to be paid before a junior one may proceed to subject the premises to the satisfaction of all the liens, and to this end settle in one suit the amounts and priorities of the respective liens. Accordingly, it has come to be the practice of our -courts to permit any lienholder of lands to bring all the parties in interest into court for the settlement of their liens, and for the proper application of the fund arising therefrom, to the satisfaction of their respective claims.
This, then, being the right of each of the lienholders before any legal proceedings, how are they affected by the foreclosure of the first mortgage ?
It is well settled in. this state that the rights of lien-holders, who are not made parties to the foreclosure, remain unaffected, the same as if no judicial sale had been made. Frische v. Kramer, 16 Ohio, 125 ; Childs v. Childs, 10 Ohio St. 339.
It is true' that the grantee of the equity of redemption, when not made a party to the foreclosure, has nothing but the right to redeem, as against the prior mortgagee or pur■chaser of the premises. He has no rights as mortgagee, *31 •and therefore can not demand a sale. But a junior mortgagee stands in a different position. He has the right of foreclosure, which can be done only by a sale of the premises.
Now, in this case, the holders of the first mortgage.be•came the purchasers of the mortgaged premises at the sale •on their own foreclosure; they then stood, as to the intervening lienholders, as prior mortgagees holding the equity of redemption of the mortgagor. The junior mortgagee • then had the same rights against them that he had, by virtue of the mortgage, against the mortgagor. Had he paid off their mortgage, and obtained possession of the land, he could not have foreclosed the equity of redemption which they then held as against him, without a sale of the land; therefore he had the same right to bring his fore■elosure against them that he would have had against the mortgagor, if there had been no sale. Nor can the prior mortgagees justly complain of what is the result of their own negligence, for they had actual or constructive notice of the other liens existing when they brought their foreclosure, and are presumed to have known that their proceedings, to which such lienholders were not made parties, in no way prejudiced them. They must therefore submit to the inconvenience of a suit, which they might and ought to have prevented* by making the proper parties to the foreclosure of their own mortgage.
But as they gained by that foreclosure what they would have obtained if they had procured the voluntary conveyance of the mortgagor’s equity of redemption, they ought not to be subjected to costs, where they object to a resale, if such sale does not bring more than enough to satisfy their prior lien and costs; for then the plaintiffs will have gained nothing by their suit.
In New York, under a practice similar to our own, and in a case much like this, the chancellor sums up the point in controversy in this case as follows :
“ In England, the court does not decree a sale of mortgaged premises, but merely allows the second incumbrancer *32 to file a bill to redeem from the first incumbrance, and that' the junior incumbrancers may redeem both of the prior' ones, or be foreclosed. And the complainant there is, in all cases, required to ofier to redeeem the first incumbrance. But here, where the puisne creditor has the right to a” sale-of the estate to satisfy the debt, after applying so much of the proceeds of the sale as may be necessary to pay the-debt and costs of the prior incumbrancer, he is not required to offer to pay the first incumbrance. All that the priorincumbrancer has a right to ask, even when he is in possession under his incumbrance, is that he shall not be subjected' to useless costs, when the proceeds of the sale will not probably be sufficient to pay the amount of his debt, with interest, and the costs of foreclosure.” Vanderkemp v. Shelton, 11 Paige, 28. ■
The English rule no longer prevails here. The legislation of the state, and the practice that has grown up under-it, has brought into practical effect a rule more nearly like that said to prevail in New York.
It follows that the district court erred in dismissing the-petition and cross-petition of the plaintiffs, and that its judgment must therefore be reversed.

Judgment accordingly.